Burket, C. J.
The case of Brinkerhoff v. Smith, 57 Ohio St., 610, was begun and carried forward under Sections 634.3 and 6344, Revised Statutes, as they stood before the amendment of April 26, 1898, for the purpose of having said contract and chattel mortgage declared by the court to have been made in contemplation of insolvency, with the intent to prefer one or more of the creditors of Mrs. P. L. Harrison, and to invoke the provision of said section 6343' which provides that all assignments so made in trust to a trustee shall inure to the equal benefit of all creditors, and of the next section which provides that the probate judge, after such assignment shall have been declared by a court to have been made in trust with the intent to prefer one or more creditors, shall on the application of any creditor, appoint a trustee to receive and administer the assigned property, the same *487 as in other cases of assignments to trustees for the ' benefit of creditors. The above are the material provisions of the two sections so far as the same are applicable to the original case reported in the 57 Ohio St., report, and to this case.
Under those sections, the trustee to whom the assignment is made in contemplation of insolvency, and with intent to prefer one or more creditors, is under no duty or obligation to file the assignment in the probate court to be administered as a general assignment for the benefit of creditors, but on the contrary he may hold the property and proceed under the assignment to him until some creditor applies to a court of competent jurisdiction to have the assignment declared to have been made in contemplation of insolvency, with the intent to prefer one or more creditors. If such creditor, or any creditor who may come into the (tase, succeeds in having such assignment declared by the court to have been so made, then the judgment will relate back to the making and delivery of such assignment, and the trustee so receiving the assignment will be held to account to the trustee appointed by the probate court, for all the assets so assigned to him as, of the time of the assignment. An assignment under said section 6343 made to prefer one or more creditors, is different from an assignment made for the benefit of all creditors, as was the case in Wambaugh v. Insurance Co., 59 Ohio St., 228. Under said sections 6343 and 6344, the trust character and intent must be first declared by a court of competent jurisdiction at the suit of a creditor, while under section 6335 no such declaration is necessary, but when such trust character and intent is declared by a court, the judgment to be effective must relate back to the time of the assignment and bind the assets from the time of *488 the delivery of such, assignment. From that time a trust character is impressed upon them, and -they mure from that time to the equal benefit of all creditors. If the trustee could deal with the property and prefer some creditors, and have the trust take effect only from the date of the judgment, the assignment could not inure to the equal benefit of all the creditors. To give effect to the statute in this regard, it is necessary to hold that the assets are bound from the time of the assignment.
When an action is begun by a creditor to have an assignment made under said section 6343 declared as having been made in contemplation of insolvency with intent to prefer one or more creditors, as was done in the original action in this matter, the trustee may defend upon the ground that the assignment was not made to him in contemplation of insolvency, or that, it was not made with intent to prefer one or more creditors, and if he makes either one of those defenses good, the judgment must be in his favor
If he fails in both of those defenses, he may still defend further and show- that he renounced the trust, and restored the assets covered by the assignment to the assignor. Robertson v. Desmond, 62 Ohio St., 487. He may also defend on the ground that he has made disposition of the property by and with the consent, acquiescence and agreement of the assignor and all the creditors. This must be so, because where all persons concerned or interested consent and agree as to their private affairs, no public interests being involved, the law will not interfere. Where all consent and agree, and the assignee acts upon such consent and agreement in the disposition of the property, and thereby changes his position to his injury, all will be estopped.
*489 All of the above defenses could have been made in said first action by Mr. Brinkerhoff, and if he made those defenses and was defeated, he is bound by that defeat, and cannot make the same defenses in this action wherein he is sued by the trustee appointed by the court for the recovery of the assets included in the assignment or for their value.
If he failed to make said defenses, or any of them, in the first action, he is now concluded the same as if he had made them and failed, because a defendant is bound to make as many defenses as he has, and cannot make a defense in a subsequent suit which he might have made in a former one. Roby v. Rainsberger, 27 Ohio St., 674; Bridge Co. v. Sargent, 27 Ohio St., 233; Petersine v. Thomas, 28 Ohio St., 596; Bell v. McColloch, 31 Ohio St., 397; Kunneke v. Mapel, 60 Ohio St., 7, 8.
In so far as the second, fourth, and seventh defenses, and the amendment to the second defense, set up the substance of the above defenses, or any parts thereof, which could have been made in the original action, the answers are bad on demurrer. The parts of said defenses, and amendment which plead that the stock of goods was taken by the sheriff under his executions in pursuance of the understanding that Mr. Brinkerhoff should accept the contract and chattel mortgage and the possession of the goods until judgments could be obtained, etc., and that he held possession only three or four hours, that he acted in good faith on advice of counsel, and never received a dollar of the proceeds, and did not intend to hinder, delay or defraud creditors, state no defense to this action nor to the original action. The facts so pleaded do not show a renouncing of the trust, nor a return of the goods to the assignor, but clearly show that he aided and *490 assisted in diverting the goods from Mrs. Harrison and her general creditors and bestowing them or their proceeds upon a few preferred creditors. Instead ®f this being a defense, it was an aggravation. True, he might do what he did without liability in case no creditor instituted proceedings for the purpose of having the transaction declared a trust. He acted at his peril, and creditors having instituted proceedings, and having had a trust declared, and a trustee appointed, he cannot noAv, in this action, avail himself of defenses Avbich he could only make in the original action, even though he acted in good faith upon advice of counsel, and received no part of the proceeds of the sale of the goods.
The court of common pleas was therefore right in sustaining said demurrer to said defenses, and the circuit court erred in reversing the judgment on that ground.
In the first action Mr. Brinkerhoff Avas sued by the name of Roeliff Brinkerhoff, trustee, and in this action as Roeliff Brinkerhoff, and it is urged in his ftehalf that this is error. The assignment made him a trustee and it Avas proper, though not necessary, to sue him in the first action as such. But the trust having been declared by ihe court, and the stock of ¡roods having been disposed of, and lie having failed on demand to restore the assets, be became'liable 3n his individual capacity,'and he stands in one and the same relation in both actions, and the record in the first case is competent evidence against him in the second.
The circuit court reversed the judgment of the common pleas for the further reason that the common pleas, erred in the exclusion of certain evidence. After the defendant had . offered the return of the *491 sheriff in evidence showing money made $10,586.80, costs $1,291.59, net $9,295.21, his counsel offered to prove that $1,400.00 of this sum arose out of the sale of certain real estate not included in the contract and chattel mortgage, but the court excluded the evidence, and this exclusion was held to be error by the circuit court, and we think the court was right in so holding, and that the reversal of the judgment on that ground was right. But there was no error in excluding the other testimony offered by the defendant»
The plaintiff below claimed and proved the value of the stock of goods to be $24,000.00, there being no conflict of evidence as to the value. The defendant claimed that the recovery, if any, should be limited to the amount realized by the sheriff on the sale under execution, and introduced the return of the sheriff to show that amount. The court of common pleas rev fused to charge the jury that the value of the goods, with interest, was the measure of damages, and adopted the view of the defendant, that the recovery-should be'limited to the amount realized on'the .sale upon execution, and directed the jury to bring in a verdict for that sum, with interest. There' wa,s no error in so doing, except that the amount should have been reduced by the amount for which the real estafe was sold. As the court had erred in excluding the evidence as to the proceeds of sale of the real estate^ it also erred in directing a verdict for too large a sum, or a sum which might have been reduced if the evidence as to the proceeds of the real estate had been admitted. Where the facts are conceded and the amount is certain, there is no error in directing a verdict accordingly.
This court will not usually weigh the evidence to ascertain whether the verdict is against its weight, *492 but as the case turned wholly upon the amount of damages to be awarded, and as the common pleas adopted the proceeds of the sale on execution as the proper measure of damages, there was none but written evidence to weigh, and the court construed that, and directed the jury to bring in a verdict for the amount of the sale and interest, which the jury did, without weighing the evidence. If the court was right, it cannot be said that the verdict is not sustained by the evidence.
Summing up the whole case, the judgment of reversal is sustained and affirmed on the one ground only that the court of common pleas erred in excluding the evidence offered as to the amount of proceeds of sale of real estate included in the return of the sheriff, and all other questions passed upon by the circuit court, and upon, which its judgment of reversal is based, are ruled in favor of the plaintiff below, and the judgment, of the circuit court as to them is disapproved and not affirmed. The cause will be remanded to the court of common pleas for a new trial in accordance with this opinion and the law. In that trial the question as to the rule of damages will again arise, and while the general rule is the value of the goods, with interest, that rule does not seem to be applicable under said section 6343 where the goods have been turned over to the sheriff, and levied on and sold under proceedings, in legal effect, the same as if sold by a trustee appointed by the proper court, and where the trustee in the assignment received no part of the proceeds and no profit to himself and acted in good faith. There is no probability that a trustee appointed by the court could have realized more money for the goods than was realized by the sheriff, and there would seem to he no justice in compelling Mr. Brink *493 erhoff to pay more for the goods than was received for them at the sheriff’s sale. And there is authority for this holding. In Bean v. Smith, 2 Mason, 252, Justice Story said: “Will not a court of equity decree, that the fraudulent grantee shall account to the judgment creditor for the amount of the proceeds of the sale, considering them as a mere substitution for the original fund? It appears to me, that such a course is within the established doctrine and practice of the court.”
The above allows a recovery of the proceeds of the sale, and this was quoted with approval by this court in Holmes v. Gardner, 50 Ohio St., on page 175.
Another question may arise further along in this controversy, when it comes to the administration of the trust, and that is as to whether Mr. Brinkerhoff is entitled to subrogation, to the claims paid out of the proceeds of the sale of that stock of goods. We express no opinion on that question now as it is not before us, but mention it so that it may not be forgotten.
For the exclusion of the evidence as to the proceeds of the sale of real estate as above indicated, and for directing a verdict for too large a sum, and for no other reason, the Judgment of reversal by the circuit court is

Affirmed.

Spear, Davis, Shauck, Price and Crew, JJ., concur.